UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHARLES WAYNE BURNETT, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. G-10-149 |
| § | |
| RICK THALER, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND ORDER OF DISMISSAL

The petitioner, Charles Wayne Burnett (#1476498), seeks habeas corpus relief under 28 U.S.C.§2254, challenging a 2008 state felony conviction of possession of a controlled substance with intent to deliver. The respondent has filed a motion for summary judgment. (Doc. No. 11). Burnett has not filed a response. After consideration of the pleadings, the record and the applicable law, this court grants the respondent's motion and by separate order enters final judgment dismissing the case. The reasons for this ruling are set out below.

### I.   PROCEDURAL HISTORY

Burnett was convicted of possession of a controlled substance with intent to deliver in the 23rd District Court of Brazoria County, Texas, on August 29, 2007. He was sentenced to thirty-five years imprisonment. His conviction was affirmed by the First Court of Appeals of Texas on October 9, 2008. Burnett filed a petition for discretionary review which was refused by the Texas Court of Criminal Appeals (TCCA) on April 29, 2009. He filed a state application for writ of habeas corpus on February 10, 2010. On March 24, 2010, the TCCA denied the application without written order on the findings of the trial court. The instant petition was filed on April 9, 2010.

In his petition, Burnett argues that the state court failed to develop the record pertaining to his claims and, as such:

1. There is insufficient evidence to convict;

2. The trial court erred in denying the motion to suppress;

3. He was denied due process and is actually innocent;

4. He is entitled to an evidentiary hearing in the U.S. District Court.

II.  **STATEMENT OF FACTS**

The court of appeals summarized the evidence presented at trial as follows:

Sweeny Police Department Sergeant J. Bills testified that Vendetta Wilcox, an undercover informant, arranged a meeting to purchase narcotics from [Burnett] at a feed store on March 11, 2006. Before the meeting, Sergeant Bills provided Wilcox with ten marked twenty-dollar bills and a tape recorder. Bills also searched Wilcox's mouth, purse, and clothing to ensure that she was not carrying narcotics. For acting as an informant, Wilcox received twenty-five dollars. Sweeny Police Department Officer T. Krenek, working undercover, drove Wilcox to the feed store, and Bills trailed behind them in an unmarked car, from which he saw Krenek park her car behind [Burnett's] car in the feed store parking lot.

Wilcox testified that while Officer Krenek remained in her car, Wilcox went into Burnett's car and, with the marked twenty-dollar bills, purchased $200 worth of narcotics from Burnett. Wilcox explained that the she tape-recorded the narcotics transaction, and the recording demonstrated that Wilcox counted out the twenty dollar bills and that Burnett had more crack cocaine to sell.

Officer Krenek testified that she drove Wilcox to the feed store, and, after Wilcox returned to Krenek's car, Wilcox had a matchbox containing seven rocks of crack cocaine. Krenek added that she watched Wilcox during the entire narcotics transaction, and she did not observe her remove narcotics from any body cavity.

On March 12, 2006, Sergeant Bills executed a search warrant at Burnett's house in connection with the narcotics transaction. Police officers found "a white powder substance" in Burnett's kitchen, and Bills found eight of the previously marked twenty-dollar bills from the narcotics transaction in Burnett's wallet inside of Burnett's truck. On cross-examination, Bills conceded that Burnett's wife was also at Burnett's house when the officers conducted their search and that

he did not conduct a "strip search" of Wilcox prior to the meeting with Burnett. Bills also added that officers found narcotics in a purse inside the home.

Burnett presented the testimony of Lavern Wilcox Gooden, Wilcox's mother-in-law, who testified that Wilcox was not a credible witness.

### III.  STANDARD OF REVIEW

The respondent's motion for summary judgment must be determined in compliance with the federal habeas corpus statutes. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002). Federal habeas corpus proceedings filed after April 24, 1996, are governed by provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA was enacted, at least in part, to ensure comity, finality, and deference to state court determinations by limiting the scope of collateral review and raising the standard for federal habeas relief. *See Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003) (citations omitted). As the Supreme Court has explained, the federal habeas corpus statutes, amended by the AEDPA, codified at 28 U.S.C. 2254(d), set forth a "highly deferential standard for evaluating state-court rulings, ..., which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Specifically, the AEDPA "modified a federal habeas court's role in reviewing the state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

To the extent that the petitioner's claims were adjudicated on the merits in state court, the AEDPA standard applies. For claims adjudicated on the merits, the AEDPA standard provides that a petitioner is not entitled to relief unless he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000); *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir 2009). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). Under this standard, an unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams,* 529 U.S. at 409. The focus of this objective reasonableness inquiry is on the state court's ultimate decision, not whether the state court "discussed every angle of the evidence." *Dale v. Quarterman*, 553 F.3d 876, 879 (5th Cir. 2008) (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)).

### III. DISCUSSION

#### A. Insufficient Evidence

Burnett argues in his federal petition that the evidence is insufficient and that the state courts failed to develop the record. In the course of Burnett's appeal, the First Court of Appeals held as follows:

> Appellant argues that the evidence is legally insufficient because the "State's only witness to the actual drug transfer was a convicted felon" and that Wilcox "could have easily hidden the drugs on her body because the police failed to properly search her before her meeting with [a]ppellant."
>
> Viewing the evidence in the light most favorable to the verdict, Sergeant Bills searched Wilcox before the meeting with appellant. The search took place in the presence of Officer Krenek, who later saw Wilcox go into appellant's car, meet with appellant, and return to Krenek's vehicle with seven rocks of crack cocaine. Wilcox testified that appellant had sold her the crack cocaine. Also, the tape

4

> recording verifies that a narcotics transaction had occurred between appellant and Wilcox. Moreover, when Sergeant Bills searched appellant's truck on March 12, 2006 — the day after the narcotics transaction — he found eight of the ten marked twenty-dollar bills in appellant's wallet.
>
> In sum, the evidence shows that appellant sold seven rocks of crack cocaine to Wilcox, directly linking appellant to the narcotics and establishing his care, custody, control, and management over the narcotics. Accordingly, we hold that the evidence is legally sufficient to support the jury's implied finding that appellant "knowingly" possessed, with intent to deliver, a controlled substance.

The Texas Court of Criminal Appeals refused Burnett's petition for discretionary review on April 29, 2009.

Burnett re-urged an insufficient evidence point complaining about the evidentiary support that Wilcox could have hidden the drug on her body and was never properly searched before her meeting with Burnett in his state habeas application. The state trial court found that the allegations contained in the State's answer were correct and recommended that relief be denied. In an unpublished order issued March 24, 2010, the Texas Court of Criminal Appeals denied Burnett's state habeas corpus application based on the trial court's finding made without a hearing. *Ex parte Charles Wayne Burnett*, WE-73,581.

The standard for testing the sufficiency of evidence in a federal habeas review of a state court conviction is whether, after viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Aguilar v. Dretke*, 428 F.3d 526, 534 (5th Cir. 2005), *cert. denied*, 547 U.S. 1136 (2006).

The Texas appellate courts' rejection on the merits of Burnett's insufficient evidence point of error constituted an eminently reasonable application of the *Jackson v. Virginia* standard. The evidence before the jury at the guilt-innocence phase of Burnett's trial included (1) eye-witness testimony from two police officers; (2) unchallenged evidence of a tape-

5

recording between Burnett and Wilcox during the narcotics transaction; and (3) eight of the ten marked twenty-dollar bills found in Burnett's wallet the day after the transaction. When viewed in the light most favorable to the jury's verdict, the foregoing evidence is more than sufficient under the *Jackson* standard.

      B.      <u>The Trial Court Erred</u>

Burnett argues that the trial court erred in denying his motion to suppress evidence seized pursuant to a search warrant. The Supreme Court has unequivocally stated that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465 (1976) (footnote omitted). [A] federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Id*. at n. 37. It is the existence of state processes allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's use of those processes, that serves the policies underlying the exclusionary rule and bars federal habeas corpus consideration of claims under *Stone*. *See Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980) (holding that "in the absence of allegations that the processes provided by a state to fully and fairly litigate Fourth Amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits." *Stone* bars the litigation of Fourth Amendment claims); *Caver v. State of Alabama*, 577 F.2d 1188, 1192-93 (5th Cir. 1978) (finding that "*Stone v. Powell* precludes federal habeas corpus consideration of those issues whether or not the defendant avails himself of that opportunity").

Here, Texas provided Burnett an opportunity to challenge the adequacy of the warrant. After holding a hearing, the trial court denied a motion to suppress the seized evidence. As Texas fulfilled its obligation to provide Burnett the opportunity to challenge the constitutionality of the seizure, *Stone v. Powell* prohibits this Court from reconsidering the issue on federal habeas review. The claim will be denied.

    C.    <u>Denial of Due Process and Actual Innocence</u>

In one sentence, Burnett argues that he was denied due process because the court of appeals incorrectly conducted its review of the legal sufficiency of the evidence and, as an extension of this claim, appears to assert that he is actually innocent of the offense. Burnett offers no facts, argument, or authority to support the basis of this claim; he failed to do so at any level of the state process as well. The Fifth Circuit has repeatedly upheld a district court's conclusion that a petitioner's claim of actual innocence does not by itself provide a basis for relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). *cert. denied*, 532 U.S. 915 (2001); *Lucas v. Johnson*, 132 F.3d 1069, 1074-75 (5th Cir.), *cert. denied,* 524 U.S. 965 (1998). This claim is without merit.

    D.    <u>Request for Evidentiary Hearing</u>

Burnett asserts that he is entitled to an evidentiary hearing in this Court. The AEDPA limits the circumstances in which a habeas corpus petitioner may obtain an evidentiary hearing in federal court, imposing a significant burden on petitioners who fail to diligently develop the factual bases for their claims in state court. *See Williams v. Taylor*, 529 U.S. 420, 433-34 (2000). Under the AEDPA, if a petitioner fails to develop the factual basis of a claim in state court, he is entitled to a federal evidentiary hearing only if (1) the claim relies on either (a) a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was

previously unavailable or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence and (2) the facts underlying the claim are sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.  28 U.S.C. § 2254(e)(2); *Foster v. Johnson*, 293 F.3d 766, 775 n. 9 (5th Cir.), *cert. denied*, 537 U.S. 1054 (2002); *Dowthitt v. Johnson*, 230 F.3d at 757.

Burnett was afforded a full and fair opportunity to develop and litigate his claims for relief herein during his state habeas corpus proceeding.  He has presented this Court with no new evidence supporting any of his claims herein that was unavailable to him, despite the exercise of due diligence, during his state habeas corpus proceeding.  Burnett does not identify any new legal theories supporting his claims for relief herein that were unavailable at the time he filed and litigated his state habeas corpus claims.  He does not offer any rational explanation for his failure to fully develop any and all evidence supporting his claims herein during his state habeas proceeding.  Nor does he identify any additional evidence which he and his state habeas counsel were unable to develop and present to the state habeas court despite the exercise of due diligence on their part.  Under such circumstances, Burnett is not entitled to a federal evidentiary hearing to further develop the facts supporting his claims herein.

### IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** that the respondent's motion for summary judgment is **GRANTED** and the petition for writ of habeas corpus is **DENIED.**

Under the AEDPA, a petitioner must obtain a certificate of appealability ("COA") before he can appeal the district court's decision.  28 U.S.C. § 2253(c)(1).  This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

Because Burnett has not made the necessary showing, this court will not issue a COA.

SIGNED at Houston, Texas this 30th day of September, 2011.

_____
Kenneth M. Hoyt
United States District Judge